PER CURIAM.
The defendant, Sonia Barbosa-Fernan-dez, appeals from a final judgment of conviction and sentence for violating a domestic violence injunction. We reverse and remand for entry of a proper judgment.
The trial court issued a permanent injunction against the defendant enjoining her from committing any act of domestic violence on the petitioner, Lauren Alexander. The injunction further restrained the defendant from harassing the petitioner in any way.
On October 5, 1989, the petitioner received a phone call she considered harassing. As a result, the petitioner contacted the telephone company and requested that it trace all harassing calls made to her residence. The telephone company traced the calls and gave the petitioner a list indicating that in the period between October 5, 1989 to October 11, 1989, twenty-two calls were placed from the defendant’s home telephone. The petitioner had reported these twenty-two calls as harassing (mostly hang-ups). The state attorney filed a petition for a rule to show cause alleging that the defendant violated the injunction by making twenty-two harassing phone calls to the petitioner during the period from October 5, 1989 to October 11, 1989.
During a hearing on the rule to show cause, the petitioner stated that she recognized the defendant’s voice on at least one occasion because of the defendant’s accent. However, the defendant maintained that she did not know the petitioner’s telephone number and did not call her. A representative of the telephone company testified that the list of harassing calls only indicated that calls were made from the defendant’s home telephone, but not who made the calls. The defense counsel moved for an acquittal premised on the state’s failure to establish beyond a reasonable doubt that the defendant made the calls and not someone else. The trial court denied the motion. Then the defense counsel restated the motion for appellate purposes.
A mechanic working periodically at the defendant’s home testified that he made telephone calls to the petitioner’s residence from the defendant’s home in order to contact the petitioner’s boyfriend, who was also the defendant’s ex-husband. Evidence was presented to show that two other calls that were considered harassing by the petitioner were made by the mechanic, but not from the defendant’s home. In addition, other testimony indicated that the defendant’s ex-husband made calls from the defendant’s residence. At the close of the petitioner’s case, the defendant once again moved for an acquittal and the trial court *1136 denied the motion. The trial judge found the defendant guilty of indirect criminal contempt. The defense counsel again objected not withstanding the verdict, premised on the failure of the state to establish beyond a reasonable doubt that the defendant made the phone calls. The trial court denied this motion, found the defendant in violation of the permanent injunction and adjudicated her guilty of indirect criminal contempt. The defendant appeals.
We find that the evidence supports the trial court’s finding that the defendant was guilty of indirect criminal contempt. The defendant is unable to refute the petitioner’s testimony that she recognized the defendant’s voice during a call made on October 5, 1989, at approximately 11:49 p.m. The petitioner stated that she was able to distinguish the defendant’s voice because the defendant had a very distinct accent.
Nevertheless, we must reverse the defendant’s conviction and sentence for contempt because the record and the final judgment fail to recite facts upon which the adjudication was based as required by rule 3.840(a)(6), Florida Rules of Criminal Procedure. See West v. State, 490 So.2d 1354 (Fla. 2d DCA 1986); Barnhill v. State, 438 So.2d 175 (Fla. 1st DCA 1983). Accordingly, the judgment of guilt and sentence imposed is reversed and the case is remanded for entry of a proper judgment which complies with rule 3.840(a)(6).
Reversed and remanded.